Veronika Fabian, State Bar 018770
Hyung S. Choi, State Bar 015669
CHOI & FABIAN, PLC
90 S. Kyrene Rd., Suite #5
Chandler, Arizona  85226
tel:  (480) 517-1400
fax: (480) 517-6955
hyung@choiandfabian.com
veronika@choiandfabian.com
 Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Kerry Skarbakka and Tracy Kwit, <br><br> Plaintiffs, <br><br> v. <br><br> Portfolio Recovery Associates, LLC, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |

## COMPLAINT

### Introduction

1. Plaintiffs are suing the Defendant debt collector because the Defendant has harassed and abused the Plaintiffs in an attempt to collect a debt. Defendant's actions include persistently telephoning the Plaintiffs on their cellphone without Plaintiffs' permission, often before 8:00 a.m. local time.

2. Plaintiffs Kerry Skarbakka ("Skarbakka") and Tracy Kwit ("Kwit") are consumers who have been subjected to Defendant Portfolio Recovery

      Associates, LLC's ("PRA's") violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Telephone consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*

3. The FDCPA prohibits debt collectors from engaging in abusive, harassing, deceptive, unfair, and illegal collection practices and the TCPA prohibits unwanted telephone solicitations and restricts the use of autodialing equipment.

4. PRA has attempted to intimidate, deceive and threaten Skarbakka and Kwit into paying money by persistently harassing them before 8:00 a.m. through calls to their cellphone made with autodialing equipment.

## *Jurisdiction and Venue*

5. This court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the FDCPA. *See* 15 U.S.C. § 1692(k)(d).

6. Additionally, the Court has jurisdiction based upon the provisions of 28 U.S.C. § 1332 in that there exists complete diversity of citizenship between the Plaintiffs and the Defendant and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. Supplemental jurisdiction exists under 28 U.S.C. § 1367.

8. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9. Venue is also proper in this district because the Plaintiffs can be found in this district, and the interests of justice require maintenance of this action in this district.

### *Parties*

10. Plaintiff Kerry Skarbakka is a citizen of the State of Arizona and resides in this district.

11. At all times relevant tho this complaint, Skarbakka was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(39).

12. Skarbakka is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

13. The alleged debt that PRA sought to collect from Skarbakka is a consumer debt, as defined by § 1692a(5) of the FDCPA.

14. The alleged debt that PRA sought to collect from Skarbakka was originally incurred for personal, family or household purposes.

15. Plaintiff Tracy Kwit is a citizen of the State of Arizona and resides in this district.

16. At all times relevant to this complaint, Kwit was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(39).

17. Kwit is a "consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

18. The alleged debt that PRA sought to collect from Kwit is a consumer debt, as defined by § 1692a(5) of the FDCPA.

19. The alleged debt that PRA sought to collect from Kwit was originally incurred for personal, family or household purposes.

20. PRA is actively engaged in the business of collecting debts allegedly owed by consumers through correspondence, telephone calls, and litigation.

21. PRA is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA, in that it is regularly engaged in the collection of debts allegedly due to others, and the alleged debt was in default before PRA obtained the right to attempt to collect the alleged debt.

22. PRA is a Delaware Limited Liability Company authorized to do business in the State of Arizona.

23. PRA's principal place of business is 120 Corporate Boulevard Norfolk, VA 23502.

24. The acts of PRA alleged herein were conducted by its employees acting within the scope of their actual or apparent authority.

25. At all times relevant to this complaint, the Defendant has used controlled, and/or operated "automatic telephone dialing systems" as defined by the

4

TCPA, 47 U.S.C. § 227 (a)(1) and 47 C.F.R. 64.1200 (f)(1) when telephoning the Plaintiffs.

***Facts***

26. Skarbakka and Kwit are residents of the State of Arizona.

27. The State of Arizona follows Mountain Standard Time and does not observe Daylight Savings Time.

28. PRA knew or should have known that Skarbakka and Kwit lived in Prescott, Arizona because PRA was sending Skarbakka collection letters to his address in Prescott, Arizona. A copy of one of these letters, with some personal information redacted to prevent identity theft, is attached as <u>Exhibit A</u>.

29. PRA dialed Skarbakka and Kwit's cell phone multiple times with many of the calls received by them before 8:00 a.m. local time.

30. These calls have awoken Skarbakka and Kwit from sleep, caused them difficulty sleeping, and caused emotional distress.

31. For example, on Thursday, December 1, 2011, a PRA employee called Skarbakka and Kwit at approximately 7:37 a.m. local time in Arizona and rudely asked Skarbakka whether his name was Kerry and what the last four digits of his social security number were.

32. Skarbakka and Kwit have never given PRA permission to call their cellular phone.

33. Defendant on numerous occasions utilized an automatic telephone dialing system to call Skarbakka and Kwit's cellular phone without their consent.

34. On information and belief, the Defendant's records will demonstrate that it dialed Skarbakka and Kwit's cellular phone without their consent using an auto-dialing system as well as through normal telephone dialing means.

35. The Defendant was aware that it is illegal to use a telephone dialing system to call cellular phones, but the Defendant did so anyhow with a willful and reckless disregard for Skarbakka and Kwit's rights.

## COUNT 1
### *Violations of the Fair Debt Collection Practices Act*

36. Plaintiffs restate, reallege, and incorporate herein by reference the foregoing paragraphs as if set forth fully in this Count.

37. By calling and continuing to call Plaintiffs so many times on their cellular phone without their permission, and frequently before 8:00 a.m. local time, PRA violated § 1692d of the FDCPA and its subsections, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Skarbakka and Kiwt.

6

38. By leaving messages on Skarbakka and Kwit's voicemail without stating that the call was from a debt collector, PRA repeatedly violated § 1692e(11) of the FDCPA.

39. In sum, through all f the actions described in this complaint, Defendant has engaged in a pattern and practice of abusive, harassing, unfair, unconscionable, and false and deceptive behavior with regard to Plaintiffs.

40. As a result of Defendant's acts, Plaintiffs have suffered personal humiliation, embarrassment, and emotional distress.

## COUNT II
*Violations fo the Telephone Consumer Protection Act*

41. Plaintiffs repeat and re-allege and incorporate by reference the foregoing paragraphs.

42. Within four years immediately preceding the filing of this action and without the consent of the Plaintiffs, the Defendant made numerous calls to the Plaintiffs' cellular telephone service using any automatic telephone dialing system in violation fo the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64. 1200(a)(1)(iii).

43. PRA did not have Plaintiffs' prior express consent to call their cellular telephone at the time PRA placed such calls.

44. None of PRA's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

45. The TCPA provides for monetary and injunctive relief, as follows:

> (3) Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of the State–
>
> > (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> > (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> > (C) both such actions

46. The plaintiffs are entitled to statutory damages under the TCPA of $500.00 per phone call made to them.

47. PRA willfully and knowingly violated the TCPA, and as such the Plaintiffs are entitled to $1,500.00 per phone call made to Plaintiffs under 47 U.S.C. § 227(b)(3).

48. Based upon defendant's nonstop, harassing, and abusive pattern and practice of willfully and knowingly violating the FDPCA and the TCPA by making at least 35 robo-dialed calls to Plaintiffs refusing all requests to stop, it is apparent that Plaintiffs have no adequate remedy at law and that only an

injunction will suffice to prevent Plaintiffs from suffering further irreparable harm.

WHEREFORE, Kerry Skarbakka and Tracy Kwit respectfully request that this Court grant the following relief in his favor against PRA:

    A.    Statutory damages provided by § 1692k of the FDCPA;

    B.    Actual damages provided by § 1692k of the FDCPA;

    C.    Statutory damages under the TCPA;

    D.    Treble/punitive damages under the TCPA;

    E.    Injunctive relief under the TCPA;

    F.    Attorneys' fees, litigation expenses, and costs;

    G.    A declaration from the court that Defendant's actions here violate the TCPA; and

    H.    Any other relief this Court deems appropriate under the circumstances.

***Demand for Jury Trial***

Please take notice that Plaintiffs demand trial by jury in this action.

Dated:        September 17, 2012

                                              Respectfully Submitted,


                                              CHOI & FABIAN, PLC


                                              By: */s/ Hyung S. Choi*
                                                    Hyung S. Choi

Hyung S. Choi
Veronika Fabian
Choi & Fabian, PLC
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226
Tel: (480) 517-1400
Fax: (480) 517-6955

Brian L. Bromberg*
Michael N. Litrownik
Bromberg Law Office, P.C.
40 Exchange Pl., Ste. 2010
New York, New York, 10005
Tel: (212) 248-7906
Fax:(212) 248-7908


**Attorneys for Plaintiff**

\*        New York counsel will apply for admission *pro hac vice* after Defendants have answered the complaint

Exhibit A

 **Portfolio Recovery Associates, LLC**
We're giving debt collection a good name.

CAPITAL ONE BANK N.A.
CAPITAL ONE BANK N.A.
CAPITAL ONE BANK (USA) NA
Account/Reference No.:
*Balance: $15,223.36

September 6, 2011

The statue of limitations is the legally prescribed time limit in which a lawsuit must be filed. We think that the debt we are trying to collect from you is outside the statue of limitations and that we cannot file suit against you to collect the debt. Please be advised that in some states, making a payment on a debt, no matter how small, resets the statue of limitations and you can once again be sued for the debt. In those states, if you make or agree to make a payment, we may then be able to sue you for the remainder of the balance at a later date.

### Affordable Options To Resolve This Account

Sometimes difficult situations arise that can cause financial hardship. We want to help you resolve your account, and have developed three affordable options for you to pay off this account.

| **Single Payment** *Settlement Option* | **6 Month** *Settlement Plan* | **Balance in Full** *Payment Plan* |
|---|---|---|
| • Take **$9,133.36** off the balance<br>• Pay **$6,090.00** no later than 10/21/2011 | • Take **$8,353.36** off the balance<br>• Pay over **6 equal monthly installments of $1,145.00**<br>• First Payment due no later than 10/21/2011 | • Pay as little as **$300.00** per month<br>• First Payment due no later than 10/21/2011 |
| *Your account will be considered "Settled in Full" after we post your final payment. | *Your account will be considered "Settled in Full" after we post your final payment. | *Your account will be considered "Paid in Full" once the account reaches a zero balance. |

Portfolio Recovery Associates purchased the account referenced above on 07/28/2011.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.


We are ready to help you resolve this debt!
Just call:
**1-800-772-1413**
before 10/21/2011
to discuss the
**AFFORDABLE PAYMENT OPTIONS**
that are available to you.
7:30 AM to 11 PM Mon.-Fri.
8 AM to 5 PM Sat. • 2 PM to 9 PM Sun.


**Mail all checks and payments to:**
PORTFOLIO RECOVERY ASSOCIATES, LLC
P.O. Box 12914
Norfolk VA 23541


Make your Payment Online!
www.portfoliorecovery.com

*We are not obligated to renew this offer.
**Company Address:** Portfolio Recovery Associates, LLC, 120 Corporate Blvd., Norfolk, VA 23502
**Disputes Correspondence Address:** 140 Corporate Blvd., Norfolk, VA 23502 or E-mail: PRA_Disputes@portfoliorecovery.com
**Debit Card Transaction Fees:** Third party vendors may charge a transaction fee for processing payments made by debit card; however, PRA does not charge or accept any fees. Please discuss this option with our staff if you have any questions.





CDPRAS01
PO Box 1099
Wixom MI 48393-1099

ADDRESS SERVICE REQUESTED

PRESORT
FIRST CLASS MAIL
US POSTAGE PAID
DSI-48393

001OX    618926143
KERRY A SKARBAKKA
Prescott AZ

0011090600